COSTELLO v. DALE, appellant.

*Mechanic's lien — what labor covered by.*

Plaintiff, under an agreement to plaster defendant's building for an agreed price, commenced work in April, 1872. He at various times during the period in which the work was being done under the contract, until August 14, 1872, did extra work on the same building by defendant's order. *Held,* that a lien filed September 7, 1872, covered the whole labor from the commencement, although the items of the extra work were directed to be done at different times, some more than thirty days previous to filing the lien.

APPEAL from a judgment entered on the verdict of a jury in an action brought in the Westchester county court by Bernard Costello against Ann T. Dale to foreclose a mechanic's lien, filed by him against certain premises at Kingsbridge in said county, owned by the defendant to secure the sum of $505.88, alleged to be due to him for work and labor performed upon said premises. The answer of the defendant denied the lien and the filing of the requisite notice, and all other allegations of the complaint except that she owned the premises, and that the claimant had done certain work for which he had been fully paid.

On the trial it appeared substantially that the claimant had entered into a contract with the defendant's agent to plaster the house. And in addition to this he did certain other work outside of and in no way connected with the contract, and it was for the value of this last, which, for the sake of distinction, is denominated extra work, that he had filed and sought to foreclose his lien.

It was undisputed that this extra work consisted of distinct jobs bargained for at different times, and performed consecutively

between the 1st of April and the 14th of August, 1872. These several jobs are described in detail by the claimant on his cross-examination, and by the defendant's witness. The last was the lathing and plastering of two little rooms over the stable, which was completed by August 14. The next preceding job was entirely finished by August 1. The notice of lien was filed September 7, 1872. So that all of these jobs, with the exception of the last, were completed more than thirty days prior to the filing of the lien.

At the close of the case the defendant's counsel moved to exclude all those items that were completed more than thirty days prior to the filing of the lien, and requested the court to so charge the jury. The court denied the motion and declined to so charge, to which ruling the defendant's counsel duly excepted.

The jury found a verdict for the plaintiff for $325.

*Charles H. Mundy*, for appellant.

*George A. Black*, for respondent.

BARNARD, P. J. This case presents but a single question. The action was to enforce a lien for labor. The work was commenced under a written contract to plas ter a house for an agreed sum, in April, 1872. The plaintiff did other work by order of defendant, from time to time during the summer, and the last work was done, as testified by him, on the 14th of August, 1872. The lien was filed September 7, 1872.

The defendant asked the court to charge the jury as matter of law, that all of the work done previous to thirty days before the lien was filed must be excluded. The court declined so to charge, and this is the single error alleged. The lien act gives liens for labor done, provided the notice is filed within thirty days after the performance and completion of such labor. The plaintiff's evidence tended to establish that the work was done on the same premises, and was done by order of defendant, during the period in which the work was done under the written contract, and, subsequently; that it was all really one piece of work, although the items were directed and done at different times, between April and the 14th of August. If the plaintiff was to be credited, he was entitled, under the lien act, to all his labor. Chap. 558, Laws of 1869.

The county judge, therefore, properly refused to charge as requested, and the judgment should be affirmed, with costs.

*Judgment affirmed.*